UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2018-CIV-24023- TORRES

SAMUEL SCHULTZ,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD. D/B/A
AZAMARA CLUB CRUISES,

    Defendant.
_____/

## DEFENDANT ROYAL CARIBBEAN CRUISES LTD.'S AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Royal Caribbean Cruises Ltd. d/b/a Azamara Club Cruises ("RCCL"), pursuant to Fed. R. Civ. P. 12(a), answers the numbered paragraphs of the Amended Complaint filed by Plaintiff Samuel Schultz ("Plaintiff") and presents the following defenses:

### "NATURE OF THE ACTION"

1. RCCL admits this purports to be an action for damages and other relief under Title I of the Americans With Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 *et seq.*, but denies RCCL violated the ADA or FCRA or that Plaintiff is entitled to any relief.

2. RCCL admits only that it made a conditional offer of employment to Plaintiff as a performer onboard an Azamara ship. RCCL denies it "hired" Plaintiff.

3. Denied.

4. RCCL admits only that it made a conditional offer of employment to Plaintiff on or about March 1, 2018, and, pending pre-employment medical clearance and background checks,

Plaintiff was housed in a dormitory on the campus of Florida International University leased by RCCL where he began rehearsals for an engagement aboard an Azamara ship scheduled to depart March 25, 2018. RCCL further admits that Plaintiff did not successfully complete the pre-employment medical clearance, and therefore was never hired by RCCL. RCCL denies any remaining allegations.

5. RCCL admits Plaintiff was not examined by RCCL medical personnel but denies that Plaintiff was denied the opportunity to appeal the decision not to hire him for shipboard duty.

6. RCCL admits Plaintiff has brought this action for damages and other relief but denies RCCL violated any law or that Plaintiff is entitled to any relief.

## "JURISDICTION AND VENUE"

7. RCCL admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8. Admitted.

9. RCCL admits venue is proper in the Southern District of Florida.

## "PARTIES"

**"Samuel Schultz"**

10. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

11. Denied. RCCL admits only that on or about March 1, 2018, it made Plaintiff a conditional offer of employment as a performer on an Azamara cruise ship subject to, among other things, successful completion of a pre-employment medical review and Plaintiff meeting the qualifications for shipboard employment.

12. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

13. Denied.

**"Royal Caribbean Cruises, Ltd. [sic]"**

14. RCCL admits only that is a global cruise vacation company that operates cruise ships worldwide, that it is a Liberian corporation, and has its corporate headquarters in the Port of Miami, Florida. RCCL denies that it is an "American" company as no American corporation owns or controls RCCL.

15. RCCL admits its stock is publicly traded on the New York Stock Exchange but denies the remaining allegations.

16. Denied.

17. RCCL admits that, as of December 31, 2017, the allegations contained in Paragraph 17 were accurate.

18. RCCL admits that, as of December 31, 2017, the allegations contained in Paragraph 18 were accurate.

19. RCCL admits that, as of December 31, 2017, the allegations contained in Paragraph 19 were accurate.

**"Azamara Club Cruises"**

20. RCCL admits only that Azamara Club Cruises ("Azamara") is a brand of RCCL. RCCL denies Azamara is a legal entity capable of suing or being sued and further denies that Azamara is a proper Defendant in this case.

21. Admitted.

22. Denied.

23. Denied as phrased because Azamara is not a separate legal entity from RCCL.

**"MCO Productions LLC"**

24. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

25. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

26. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

27. RCCL admits that MCO created the productions to be performed aboard Azamara cruise ships and that RCCL had the authority to approve the content of productions and performers engaged in those productions; otherwise denied.

28. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

## "EXHAUSTION OF REMEDIES"

29. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

30. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

31. RCCL presently has insufficient information to admit or deny and therefore denies the allegations, except that RCCL admits the EEOC issued Plaintiff a Notice of Right to Sue on or about September 21, 2018, and that Exhibit B to the Amended Complaint is a copy of the Right to Sue notice.

## "FACTUAL ALLEGATIONS"

32. RCCL presently has insufficient information to admit or deny and therefore denies the allegations of Paragraph 31. RCCL admits only that it provided Plaintiff a conditional offer of

employment aboard the Azamara Journey, which was scheduled to depart from Singapore on March 25, 2018 and reach its final destination in Stockholm, Sweden in July 2018.

33. RCCL admits only that the Azamara Journey is a foreign-flagged vessel. RCCL denies the remaining allegations.

34. Denied.

35. Denied.

**"Mr. Shultz's Employment and Onboard Responsibilities with the Defendants"**

36. RCCL denies that it "hired" Plaintiff. With regard to the remaining allegations, RCCL is without sufficient knowledge to admit or deny and therefore denies them.

37. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

38. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

39. RCCL denies that it "maintained complete control of the employment relationship" as it did not ever employ Plaintiff. RCCL also denies that it "terminat[ed]" Plaintiff's employment as RCCL never employed him. As to the remaining allegations, RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

40. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

41. RCCL presently has insufficient information to admit or deny and therefore denies the allegations as it does not presently know what information MCO provided to Plaintiff.

42. RCCL admits that had Plaintiff successfully completed the hiring process, he would have been given a Letter of Employment with RCCL for an initial term of approximately 17 weeks, with RCCL having an option to extend the employment for an additional period of employment.

43. RCCL does not know what "Agreement" is being referred to in Paragraph 43 but admits that Paragraph 43 describes some of the duties and activities that would have been expected of Plaintiff had he been hired for the shipboard position with RCCL.

44. RCCL admits that Plaintiff was required to complete an online safety training, as are all employees or prospective employees with conditional offers of employment, but presently has insufficient information to admit or deny and therefore denies the remaining allegations.

45. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

**"Required Medical Examination"**

46. RCCL presently has insufficient information to admit or deny and therefore denies the allegations, except that it admits Plaintiff's offer of employment was conditioned on his successful completion of, among other things, a pre-employment medical examination and review.

47. RCCL presently has insufficient information to admit or deny and therefore denies the allegations, except that RCCL admits Plaintiff had a medical examination with an outside provider on or about January 26, 2018.

48. RCCL presently has insufficient information to admit or deny and therefore denies the allegations, except that RCCL admits Plaintiff had a medical examination with an outside provider on or about January 26, 2018.

49. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

50. RCCL admits only that on February 15, 2018, PEME Nurse Specialist Marian Gertrude D. Vasquez, emailed Ms. Rojo, and that the email speaks for itself. RCCL denies that the remaining allegations accurately reflect the full substance of the email message.

51. Admitted.

52. RCCL admits only that on February 27, 2018, Plaintiff emailed RCCL PEME a letter dated February 26, 2018, from Dr. Bernard M. Gerber, M.D., the contents of which letter speaks for itself. RCCL denies the remaining allegations.

53. RCCL admits only that the February 26, 2018, letter from Dr. Bernard M. Gerber speaks for itself and that the allegations of this paragraph capture some but not all of the material statements contained in Dr. Gerber's letter.

54. RCCL admits only that the February 26, 2018, letter from Dr. Bernard M. Gerber speaks for itself and that the allegations of this paragraph capture some but not all of the material statements contained in Dr. Gerber's letter.

55. RCCL admits only that the February 26, 2018, letter from Dr. Bernard M. Gerber speaks for itself and that the allegations of this paragraph capture some but not all of the material statements contained in Dr. Gerber's letter, while at the same time misstating other statements contained in Dr. Gerber's letter.

56. RCCL admits only that Dr. Gerber also filled out a "Safety" form, the contents of which speak for itself.

57. RCCL admits only that RCCL PEME sent an email dated March 2, 2018 to Vanessa Rojo at Crew Member Medical LLC confirming that PEME had received the letter from Plaintiff's psychiatrist which was being reviewed, and inquiring as to whether Rojo had received additional

information about Plaintiff's lab work results and codeine allergy. RCCL admits the third and fourth sentence of Paragraph 57.

**"Finalizing Clearance and Beginning Rehearsal"**

58. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

59. RCCL admits that Plaintiff traveled to Miami on or about March 4, 2018 and began rehearsals while his pre-employment medical review was pending. RCCL denies the remaining allegations.

60. RCCL admits Plaintiff had the opportunity to tour the Azamara Quest, which is a sister ship of the Azamara Journey, but denies the remaining allegations.

61. RCCL admits that the RCCL PEME team, which included PEME Nurse Specialist Ineisa Real, sent an email to Plaintiff on March 9, 2018, the contents of which speaks for itself. RCCL further admits that the email informed Plaintiff that RCCL could not move forward with approval for Plaintiff's work at sea because he did not meet the applicable maritime medical standards.

62. RCCL admits that Plaintiff met with Signe Bjorndal, Mr. Fandrei, and Monica Soderman on or about March 9, 2018, and discussed the results of Plaintiff's pre-employment medical review. RCCL denies the remaining allegations.

63. Denied.

64. RCCL admits that Ms. Bjorndal agreed at the end of the meeting on or about March 9, 2018, to look into Plaintiff's concerns but RCCL denies the remaining allegations, including Plaintiff's assertion that Bjorndal said she would "get the matter cleared up."

**"Termination or, in the Alternative, Refusal to Hire Based on Mr. Schultz's Disability or Perceived Disability"**

65. Denied.

66. RCCL admits only that Dr. Benjamin Shore sent an email to Plaintiff on March 13, 2018, the contents of which speak for itself, explaining that under the International Labor Organization's medical guidelines for seafarers, RCCL could not clear him medically for duty at sea.

67. RCCL admits only that Dr. Benjamin Shore sent an email to Plaintiff on March 13, 2018, the contents of which speak for itself. RCCL denies that Paragraph 66 accurately states what Dr. Shore wrote; instead, Paragraph 66 is Plaintiff's argumentative characterization of what Dr. Shore wrote.

68. Admitted.

69. Denied.

70. RCCL presently has insufficient information to admit or deny and therefore denies the allegations.

71. RCCL admits that it sent an email to Plaintiff on March 15, 2018, the contents of which speak for itself, but which confirmed that he was deemed not medically fit for duty at sea under applicable regulations.

## "CLAIMS FOR RELIEF"

### "FIRST CLAIM FOR RELIEF
(Discrimination Because of Disability)
(Title I of the Americans With Disabilities Act, 42 U.S.C 12112(a).)
(Against All Defendants)"

72. Defendant repeats its responses to Paragraphs 1 through 71 as stated above.

73. The allegations in this Paragraph contain statement of law to which no response is required. To the extent a response is required, RCCL admits the ADA generally prohibits employment discrimination on the basis of disability.

74. Denied.

75. Denied.

76. Denied.

## "SECOND CLAIM FOR RELIEF

### (Discrimination Because of Handicap)
### (Florida Civil Rights Act of 1992, Fla. Stat. Ann. § 760.01 *et seq.*)

77. Defendant repeats its responses to Paragraphs 1 through 76 as stated above.

78. The allegations in this Paragraph contain statement of law to which no response is required. To the extent a response is required, RCCL admits the FCRA generally prohibits employment discrimination on the basis of handicap.

79. Denied.

80. Denied.

81. Denied.

## "PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 81 of the Amended Complaint.

## "JURY DEMAND"

Defendant admits that Plaintiff demands a jury trial.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted because neither the Americans With Disabilities Act ("ADA") nor the Florida Civil Rights Act ("FCRA") apply to Plaintiff, who was a candidate for employment as a crewmember on a foreign-flagged vessel in international waters.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted because even if the ADA and FCRA were applicable to Plaintiff's claim, RCCL's conduct was lawful because employing Plaintiff in a shipboard position would have caused RCCL to be in violation of the laws of its vessels' flag state and international maritime conventions to which the United States and the vessels' flag states are signatories.

3. Plaintiff's Complaint fails to state a claim upon which relief may be granted because even if the ADA and FCRA were applicable to Plaintiff's claim, the Plaintiff was not a qualified individual with a disability or handicap under the applicable standards contained in the International Labor Organization's medical standards for seafarers.

4. Plaintiff's Complaint fails to state a claim upon which relief may be granted because even if the ADA and FCRA were applicable to Plaintiff's claim, RCCL did not violate the ADA or FCRA because the qualification standards it used with respect to Plaintiff's job on a cruise ship were job-related and consistent with business necessity.

5. Plaintiff's Complaint fails to state a claim upon which relief may be granted because even if the ADA and FCRA were applicable to Plaintiff's claims, RCCL's conduct was lawful because employing Plaintiff in a shipboard position would have been a direct threat to the health and safety of the Plaintiff or others.

6. RCCL's actions were motivated by legitimate business reasons unrelated to Plaintiff's alleged disability.

7. Any recovery by Plaintiff must be reduced, in whole or in part, because and to the extent he failed or refused to take reasonable steps to mitigate his damages.

8. Plaintiff's claim for punitive damages must fail because no managing agent of RCCL engaged in any discriminatory act with malice or reckless indifference to Plaintiff's statutorily protected rights.

9. Defendants reserve the right to assert additional defenses as may appear applicable during the course of this litigation.

WHEREFORE, RCCL respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award RCCL its costs and reasonable attorneys' fees incurred in this action, and award any such other and further relief as this Court deems just and proper.

Dated: October 15, 2019.

                                      Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
*Counsel for Defendant, Royal Caribbean Cruises Ltd.*
Two Datran Center
9130 South Dadeland Boulevard, Suite 1625
Miami, Florida 33156
(305) 374-0506
(305) 374-0456 (fax)

s/ David M. DeMaio
David M. DeMaio
Florida Bar No. 886513
david.demaio@ogletreedeakins.com
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ David M. DeMaio
David M. DeMaio

## **SERVICE LIST**

*SAMUEL SCHULTZ v. ROYAL CARIBBEAN CRUISES LTD., ET AL.*
*United States District Court for the Southern District of Florida*
CASE NO.: 2018-CIV-24023- TORRES

Cathleen Scott, Esq.
cscott@scottwagnerlaw.com
Lindsey Wagner, Esq.
lwagner@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
250 South Central Boulevard
Jupiter Gardens, Suite 104-A
Jupiter, FL 33458
Telephone: 561.653.0008
Facsimile: 561.653.0020

Kathleen Peratis, Esq.
KP@outtengolden.com
Nina R. Frank, Esq.
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: 212.245.1000
Facsimile: 646.509.2071

*Counsel for Plaintiff*

Method of Service:  CM/ECF

David M. DeMaio
david.demaio@ogletreedeakins.com
Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Two Datran Center
9130 South Dadeland Blvd., Suite 1625
Miami, FL 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant, RCCL*

40355817.1

14