IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: Case No. 18-24023-Torres

SAMUEL SCHULTZ,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD., D/B/A
AZAMARA CLUB CRUISES, AND MCO
PRODUCTIONS LLC

    Defendants.

_____/

## **PLAINTIFF SCHULTZ' UNOPPOSED MOTION TO MOVE TRIAL DATE**

Plaintiff, SAMUEL SCHULTZ, by and through his undersigned counsel hereby files this unopposed motion to move the trial date due to Plaintiff's counsel's inability to travel and impacts from COVID-19. In support of his position, Plaintiff states as follows:

1. This matter is currently scheduled for trial on September 14, 2020.

2. Several of the witnesses and attorneys of record live outside the state of Florida, including Sam Schultz who resides in Wisconsin, Ms. Peratis, Ms. Ramenenka and Ms. Theodorou and the Outten & Golden paralegals, who reside in New York, and Ms. Wagner who resides in California.

3. Travel to South Florida is high risk for all those who reside outside the area, but particularly for Plaintiff's lead counsel, Ms. Kathleen Peratis, who is 76 years old. Ms. Peratis is in a high-risk category for contracting COVID-19 by virtue of age alone as

she states in her affidavit, and should not fly as soon as September. (See Affidavit of Kathleen Peratis ¶).

4. Ms. Peratis' law firm, Outten & Golden, is currently closed and not scheduled to reopen until after Labor Day due to the outbreak. Preparing for trial will be burdensome and difficult without staff and the assistance of the firm. Plaintiff has tens of thousands of pages of documents—comparator documents-- arranged and organized on paper, necessary for use at trail.  See Affidavit of Kathleen Peratis ¶).

5. Plaintiff seeks to move the trial two months to mid-November, 2020.

6. Plaintiff also seeks to enlarge the remaining trial deadlines including pretrial stipulation, deposition designations, and jury instructions.

7. The parties have conferred and are in agreement to request that the trial should be reset to November, 2020.

8. This request is solely for the aforementioned reasons and not to cause delay.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort. Prior to submitting this Motion to this Honorable Court, Plaintiff's counsel has conferred with Defendant's counsel, who agreed to the relief.

### MEMORANDUM OF LAW

**I. THE COURT HAS BROAD DISCRETION TO EXTEND THE PRETRIAL DEADLINE DATES AND THE DISCOVERY PERIOD.**

Rule 6(b) of the Federal Rules of Civil Procedure provides that:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause

shown may at any time in its discretion . . . order the period enlarged if request therefore is made before the expiration of the period originally prescribed. . . .

*See also Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871 (3rd Cir. 1944), Cert denied, 322 U.S. 740 (1944) (Holding that a district court has ample discretionary authority to extend the time for serving a motion or answer). By its express terms, Rule 6(b) affords wide discretion to this Court to enlarge time periods established by *Court Order. Woods v. Allied Concord Financial Corp.*, 373 F.2d 733 (5th Cir. 1967).1 In general, above and beyond Rule 6(b), it is within this Court's discretion to extend the discovery period or continue the trial. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472 (11th Cir. 1991). Enlargements of time should be available when a party demonstrates a reasonable basis for such a request. *Beaufort Concrete Co. v. Atlantic States Constr. Co.*, 352 F.2d 460 (5th Cir. 1965), cert. denied, 384 U.S. 1004 (1966). The Plaintiff has set forth a reasonable basis for an extension of time of as set forth above.

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by electronic filing on June 19, 2020 on all counsel or parties of record on the Service List below.

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Lindsey Wagner, Esq.
Florida Bar No. 86831
Primary e-mail: LWagner@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020
Secondary Address: 101 Northpoint Parkway

West Palm Beach, FL 33407
www.ScottWagnerLaw.com

Kathleen Peratis, Esq.
KP@outtengolden.com
Aliaksandra Ramanenka, Esq.
ARamanenka@outtengolden.com
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: 212.245.1000

Paul W. Mollica, Esq.
pwmollica@outtengolden.com
161 North Clark Street, Suite 1600
Chicago, Illinois 60601
Telephone: 312.809.7010

**SERVICE LIST**
**CASE NO.: Case No. 18-24023-SCOLA/Torres**

David M. DeMaio
Florida Bar No. 886513
david.demaio@ogletreedeakins.com
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
Two Datran Center
9130 S. Dadeland Blvd, Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456