OUTTEN & GOLDEN LLP
Kathleen Peratis, Esq.
KP@outtengolden.com
Aliaksandra Ramanenka, Esq.
aramanenka@outtengolden.com
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: 212.245.1000

SCOTT WAGNER & ASSOCIATES, P.A.
Cathleen Scott
cscott@scottwagnerlaw.com
250 South Central Boulevard
Jupiter Gardens, Suite 104-A
Jupiter, Florida 33458
Telephone: 561.653.0008

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SAMUEL SCHULTZ, <br><br> Plaintiff, <br><br> v. <br><br> ROYAL CARIBBEAN CRUISES, LTD., D/B/A AZAMARA CLUB CRUISES, <br><br> Defendant. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL** <br><br> Case No. 1:18-cv-24023 (EGT) |

## INTRODUCTION

Defendant Royal Caribbean Cruises, Ltd., d/b/a Azamara Club Cruises' ("RCCL" or "Defendant") petition for interlocutory appeal should be declined. None of the three required elements justifying interlocutory review – controlling question of law, substantial grounds for difference of opinion, or material advancement – is present here.

The Court's carefully-reasoned underlying ruling is entirely consistent with the long-standing law and the Supreme Court precedent and does not contradict any 11th Circuit decisions. In *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S.119, 137-38 (2005), the Supreme Court adopted a fact-specific "application-by-application" approach to protecting the internal affairs limitation to Title III of the ADA (as opposed to a blanket prohibition), and this Court, properly, extended the *Spector*'s logic to Title I of the ADA (Order on Cross-Motions for Summary Judgment, dated June 5, 2020, ECF No. 126 ("Order"), at 69-70).

Notably, Defendant's aggressive request of this Court to find that there is a substantial ground for difference of opinion as to whether "internal affairs" defense always precludes the application of the ADA to the hiring of U.S. citizens who seek work on a foreign-flag vessel is unsupported because there is no authority suggesting that such blanket prohibitions are proper. Even if this were an issue of first impression requiring a complicated analysis, it would not be sufficient to meet the Eleventh Circuit high threshold for interlocutory appeal certifications. A very recent S.D. Fla decision in *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd.*, No. 19-CV-23590-BLOOM, 2020 WL 3489372 (S.D. Fla. June 26, 2020) is instructive here because there, this Court declined to certify an interlocutory appeal sought by the same Defendant, RCCL, even though there were complicated issues concerning legal protections of U.S. nationals abroad and a controlling legal authority was lacking. That case is further discussed at p.6, *infra*.

In addition, a mid-case appeal would disrupt and delay – rather than advance, let alone materially advance – this lawsuit. It makes more sense for a fact-finder to consider all the facts at once during the trial, without the delay of an interlocutory appeal that Plaintiff respectfully submits would necessarily result in an affirmance.

## STANDARD

Three elements are required in order to qualify for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

(1) a controlling question of law;

(2) over which there is a substantial ground for difference of opinion among courts; and

(3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.

*See* 28 U.S.C. § 1292(b); *Havana Docks*, 2020 WL 3489372, at *1. "This standard is conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review." *In re Yormak*, No. 2:17-cv-73-FtM-38, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017) (citation omitted).

The Eleventh Circuit has established that there is a strong presumption against interlocutory appeals, calling them a "rare exception." *McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1264 (11th Cir.2004). Further, the Circuit considers liberal use of § 1292(b) to be bad policy, as it may promote piecemeal appeals. *Id.* at 1259. Accordingly, § 1292(b) certification is only proper "in exceptional cases where decision of the appeal may avoid protracted and expensive litigation ... where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Id.* at 1256.

Ultimately, there is a "strong presumption against interlocutory appeals," and both the district and circuit courts are afforded substantial discretion in certifying issues for this purpose. *Havana Docks*, 2020 WL 3489372, at *2 (citing cases). Acknowledging the profound hurdles that parties face in seeking interlocutory appeal, the Eleventh Circuit has characterized this certification as a "high threshold," and stated that "[m]ost interlocutory orders do not meet this test." *OFS Fitel, LLC*, 549 F.3d at 1359.

## ARGUMENT

### A. The Order Does Not Present a Controlling Question of Law

The Court in *McFarlin* distinguished between questions of law and questions of fact. If "the controlling questions are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal." *Id.* at 1258 (quoting *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 631 (2d Cir.1991)). Questions of law are not "any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact." *McFarlin,* 381 F.3d at 1258. Instead, interlocutory appeals are only appropriate when it is "more of an abstract legal question." *Id.* Furthermore, a mixed question of law and fact will not satisfy this § 1292(b) requirement. *See Havana Docks*, 2020 WL 3489372, at *3 (citing *Nice v. L-3 Commc'ns Vertex Aerospace LLC*, 885 F.3d 1308, 1313 (11th Cir. 2018)); *Morris v. Flaig*, 511 F. Supp. 2d 282, 315 (E.D.N.Y. 2007) (dispute over the "application of the law to the facts . . . do[es] not present issues of pure law and therefore [is] not appropriate for interlocutory review") (internal quotations marks omitted).

Here, RCCL argues that the facts do not matter – an issue upon which this Court distinctly disagreed.[1] RCCL stakes out the position that as a matter of law and independent of Mr. Schultz's specific facts, application of the ADA (and FRCA) to the hiring of a U.S. citizen, even one recruited, vetted and rehearsed in the U.S., who seeks work on a foreign-flag vessel necessarily and inevitably, interferes with[2] the internal affairs of a vessel. (Def's Mot., ECF No. 131, at 1, 3).

Setting aside the unlikelihood of Defendant's success in requesting such a blanket application of the internal affairs defense, the issue of applicability of the ADA, even though RCCL attempts to articulate it in a seemingly fact-neutral manner, simply cannot be decided without facts and a material review of the record. Mr. Schultz did not seek work *solely* on a foreign-flag vessel and RCCL's entire hiring, vetting and rehearsal operation takes place in the U.S. (*see* Order at 37-38). As described in Plaintiff's Motion for Summary Judgment, Plaintiff was jointly employed by RCCL and its vendor, MCO Productions LLC ("MCO"), in Florida during the rehearsal period in March 2018 (ECF No. 98, at 5-6, 14), and, therefore, he "sought" employment, *inter alia*, in the United States. Based on the Parties' factual submissions, the Court

---

[1] As the Court is aware, Plaintiff filed a Motion for Clarification (ECF. No. 129) with respect to who bears the burden on the internal affairs defense because, throughout discovery, RCCL refused to disclose the factual basis of its internal affairs defense. Its Motion here shows why: it does not believe the facts matter; it believes that the internal order issue is a pure question of law. But the Supreme Court in *Spector* and this Court have decided otherwise.

[2] In its articulation of the question to be certified, Defendant improperly uses the verbs "involves" and "concerns" (Def's Mot. at 1, 3) as opposed to "interferes with," but the latter accurately reflects the legal standard. *See, e.g., Spector,* 545 U.S. at 132 ("The relevant category for which the Court demands a clear congressional statement … consists not of all applications of a statute to foreign-flag vessels but only those applications that would *interfere* with the foreign vessel's internal affairs.") (emphasis added); *see also Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 888 (11th Cir. 2013) ("the Supreme Court has held that the NLRA does not extend to foreign crews working aboard foreign ships because such an application would *interfere* with the 'internal management and affairs' of the ship") (quoting *McCulloch v. Sociedad Nacional de Marineros de Honduras*, 372 U.S. 10, 20-21 (1963)) (emphasis added).

specifically noted that that "***the parties strongly dispute several material facts as to the identity of Plaintiff's employer and whether he worked for Defendant before he boarded a vessel in international waters***." Order at 33 (emphasis added). The Court went on to conduct a thorough factual analysis of the location of Plaintiff's employment (Order at 28 – 39) and, applying the "center of gravity" test, concluded that "Plaintiff's employment was domestic-based." (Order at 38).

Therefore, Defendant will need a reversal of this factual finding before its stated question can be answered. Such reversal will necessarily require "rooting through the record," *McFarlin,* 381 F.3d at 1258, to establish the facts concerning, *inter alia*, Plaintiff's arrangement with MCO, and the degree of RCCL's control over the rehearsals and Plaintiff's training. As such, Defendant cannot satisfy the first element of §1292(b).

## B. There is No Substantial Ground for Difference of Opinion

If a controlling question of law exists – which, here, it does not – the appellant must next demonstrate the existence of a substantial ground for difference of opinion. *Flaum v. Doctor's Assocs., Inc.*, No. 16-61198-CIV, 2016 WL 8677304, at *2 (S.D. Fla. Oct. 27, 2016). To do this, the appellant must show "a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Id.* "[M]erely showing that the order for which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on the legal issue, is not sufficient." *Ibrahim v. FINR III, LLC*, No. 8:15-cv-1093-T-17, 2016 WL 409630, at *3 (M.D. Fla. Feb. 3, 2016).

Here, even if the question of whether "a hypothetical future relationship onboard a vessel [bars] an ADA claim when a plaintiff merely raises concerns with a foreign-flag vessel's employment process on U.S. soil" (Order, at 26-27) presented an issue of first impression, it

would not be sufficient to meet the "substantial ground for difference of opinion" requirement. , *See Havana Docks*, 2020 WL 3489372, at *1 ("questions of first impression or the absence of binding authority on an issue, without more, are insufficient to demonstrate a substantial ground for difference of opinion.")(citing cases); *see also Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017) ("Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion."). "Instead, the district court should measure the weight of opposing arguments to the disputed ruling in deciding whether there is a 'substantial ground for dispute.'" *Havana Docks*, 2020 WL 3489372, at *4 (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996))

*Havana Docks*, a recent Southern District of Florida's decision that denied RCCL interlocutory appeal in another matter also involving complicated issues of law, is telling here. There, Judge Bloom held:

> To be sure, the issues raised and addressed during these proceedings have presented difficult questions of law in an area where authority is entirely lacking, and this Court has extensively grappled with these issues in order to come to the correct conclusion. Nonetheless, as detailed extensively in the Omnibus Order, the Court's reasoning was based in large part on the Eleventh Circuit's reasoning in [applicable 11th Cir. case] …Thus, while Defendant disagrees with the result reached in the Omnibus Order, this Court remains unconvinced that this disagreement, even in light of the procedural history of the instant action, demonstrates a substantial ground for difference of opinion sufficient to overcome the high threshold of § 1292(b).

*Havana Docks*, 2020 WL 3489372, at *4.

Similarly, here, the Court's reasoning was based in large part on the Supreme Court's reasoning in *Spector* (Order at 22-28), and the Court ultimately held that "given the facts of this case where every relevant fact took place in the U.S. – as opposed to a future employment relationship on the high seas – Defendant has failed to show that the denial of Plaintiff's employment categorically 'interfere[s] with matters that concern only the ship's internal

- 6 -

operations.'" (Order at 38-39) (quoting *Spector*, 545 U.S. at 121). Given that, as the Court duly observed, "Defendant failed to direct the Court to a single case where allegations of unlawful conduct occurred solely in the U.S., where a plaintiff performed any related job duties in the same location, and where a court still found that a plaintiff's complaint intrudes on the internal affairs of a seagoing vessel" (Order at 38), Plaintiff's argument so outweighs Defendant's that no substantial ground for difference of opinion can be shown.

Defendant clearly disagrees with the Court's decision, but the decision was well-reasoned, supported by the precedent, and does not contradict any relevant case law, precluding any finding of substantial ground for difference of opinion. Defendant argues that there is a need "to interpret and harmonize the [existing] authority," including *MucCulloch*, *Benz*, and *Lobo* – cases dealing with wage disputes between foreign nationals and foreign crew (Def's Mot. at 5). But the Court has already interpreted and harmonized these cases. The Court held that "[g]iven that this case involves a U.S. citizen that never made it onboard a seagoing vessel who merely complains of a vessel's employment practices under the ADA that took place entirely on U.S. soil, *McCulloch*, *Benz*, and *Lobo* are not analogous to the facts of this case." (Order at 19).

Defendant also argues that the Court's reliance on *Spector*'s proposition that enforceability of the ADA and FCRA might turn on the facts related to Plaintiff's specific duties on the vessel (*i.e.*, the "application-by-application" approach) "runs headlong into the Eleventh Circuit's prohibition in *Lobo* … against federal courts becoming involved in 'predicting the operational consequences of applying these statutes on case-by-case basis.'" (Def's Mot. at 6) (quoting *Lobo*, 704 F.3d at 889). Defendant argues that *Spector* can be interpreted as if it never contemplated a fact-specific or task-by-task analysis of the effect on the internal affairs of the vessel, but rather was concerned only with whether a statute's provision-by-provision analysis is

appropriate (as opposed to considering whether an entire statute is inapplicable) (Def's Mot. at 6).  This assertion is contradicted by the very language in *Spector.* Indeed, *Spector* was concerned with whether specific "structural modifications" to the ship imposed by Title III – not the legal provisions themselves – would interfere with the internal affairs of the ship, and it remanded the case to lower courts to establish, on a case-by-case bases, if such physical modifications would indeed interfere with the vessel's internal affairs. *Spector,* 545 U.S.at 142.[3]

Defendant has thus failed to demonstrate there is a "substantial ground for difference of opinion."  In the unlikely event that RCCL could show such ground, "satisfying this requirement, on its own, is not enough to make these issues suitable for interlocutory appeal, particularly in light of the strong presumption against the use of § 1292(b). The "difference of opinion" must be grounded on purely a question of law. But this one is not.  This dispute is still based on a fact-driven analysis that may be unique to the case. *See Palacios v. Boehringer Ingelheim Pharm., Inc.*, No. 10-22398-CIV-TORRES, 2011 WL 4102310, at *3-4 (S.D. Fla. Sept. 14, 2011) (denying motion for permission to take interlocutory appeal due to the "absence of a true abstract question that does not require review of [the] facts, and the less than compelling case for a substantial ground for difference opinion.")

### C. Interlocutory Appeal Will Not Materially Advance the Ultimate Termination of the Litigation

The final requirement of § 1292(b) is that the interlocutory appeal "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, the case is ready for what

---

[3] Additionally, in *Lobo*, as Plaintiff extensively explained in his Opp'n to Def's Mot. for Summ. J., at 7-8 (ECF No. 108), there was no reason to analyze on a granular, factual level whether there would have been actual interference with relations between foreign crew and a foreign-flagged ship because it could be decided as a matter of law under the "internal order" defense that U.S. law did not apply to *foreign* crew (quoting *Lobo*, 704 F.3d at 887-889).

will likely be a relatively straightforward trial, given that it is a single-plaintiff case and the events pertaining to Plaintiff's employment span no more than a couple of months. As Defendant admits in its motion for summary judgment, "[t]he material facts are not in dispute." (Def's Mot. for Summ. J., ECF No. 93, at 1). *See Fusco v. Ocwen Loan Servicing, LLC*, No. 20-CV-80090-MIDDLEBROOKS, 2020 WL 2519963, at *2 (S.D. Fla. Mar. 11, 2020) (denying certification of interlocutory appeal, where the lawsuit "appear[ed] to be especially susceptible to a speedy resolution as the Parties agree[d] upon most of the underlying facts.").

Additionally, Plaintiff will be prejudiced if an interlocutory appeal is certified because he is entitled to a timely resolution of this matter and "an interlocutory appeal could take up to a year, or longer." *Id.*

Defendant, on the other hand, will not be prejudiced if the interlocutory appeal is denied because, following the trial, it will have an opportunity to appeal all issues together, rather than in a piecemeal fashion, saving judicial as well as the Parties' resources. *See Palacios*, 2011 WL 4102310, at *3–4 (where this Court denied to certify an interlocutory appeal and determined that proceeding expeditiously to trial was "the best way to advance the ultimate termination of the litigation.").

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's request under 28 U.S.C. § 1292(b) to certify the Order and the identified legal question for interlocutory appeal.

Dated: July 10, 2020           /s Kathleen Peratis  
    New York, NY           Kathleen Peratis, Esq.

| OUTTEN & GOLDEN LLP | SCOTT WAGNER & ASSOCIATES, P.A. |
|---|---|
| Kathleen Peratis, Esq. | Cathleen Scott |
| KP@outtengolden.com | CScott@scottwagnerlaw.com |
| Aliaksandra Ramanenka, Esq. | 250 South Central Boulevard |

- 10 -

aramanenka@outtengolden.com  
685 Third Avenue, 25th Floor  
New York, New York 10017  
Telephone: 212.245.1000  

Jupiter Gardens, Suite 104-A  
Jupiter, Florida 33458  
Telephone: 561.653.0008  

*Attorneys for Plaintiff*